MARCH and Another *v.* SHELDON and Others.

Suit by an indorsee of a promissory note against a remote indorser, alleging the insolvency of the makers. Answer: that at the time of making the indorsement, defendant took from his indorsee a writing, showing that the note was assigned without recourse. The Court instructed the jury that a party receiving a negotiable note or bill of exchange, before maturity, in good faith, in the usual course of business, and without fraud, is not bound by equities which exist between the parties of which he had no notice.

*Held,* that the instruction was erroneous.

APPEAL from the *Elkhart* Common Pleas.

HANNA, J.—The appellants assigned certain promissory notes to one *English,* who assigned them to appellees as collaterals to secure a debt due by him to them. Suit by the appellees against the appellants on their assignment, on the ground that the makers of the notes were insolvent. The appellants averred that the notes were by them assigned

without recourse, and produced a separate writing of said *English* to that effect. It is alleged that this writing was obtained by fraud.

A question is presented as to the competency of a witness. As the judgment must be reversed upon another point, it is of no practical utility to decide the question so made, because of a late statute changing the rule in reference thereto.

The Court instructed the jury that "a party receiving a negotiable note or bill of exchange, before due, in good faith, in the usual course of trade, without fraud, is not bound by equities which exist between the parties, of which he has no notice;" and refused to instruct the jury that the notes were subject to such equities.

The instruction given was erroneous; and we are not able to perceive but that it was well calculated to mislead the jury.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*R. Lowry, E. Dumont* and *O. B. Torbett*, for the appellants.